**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

JAMES ROY MASSENGALE, JR., :
:
    Petitioner, :
:
v. : 1:04-cv-48(WLS)
:
BETTY ANN COOK, et. al., :
:
    Defendants. :
:

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed April 17, 2006, recommending that: 1) Plaintiff's claims arising out of the denial of his parole be dismissed, and 2) Defendant James Wetherington be dismissed as a defendant herein. (Doc. 34). Plaintiff's claims relating to retaliation, denial of access to courts, and forced medication were permitted to go forward as to all Defendants except Wetherington. (Doc. 35). Plaintiff filed a timely objection on April 28, 2006. (Doc. 38).

**I.     Report and Recommendation**

In the instant Report and Recommendation, it was found that the "Georgia parole system does not create a constitutional due process interest that would confer upon plaintiff an expectation of a particular outcome in his parole decision." (Doc. 34). As it was also found that the parole board has broad discretion to require Plaintiff to serve his entire sentence in prison or alternately to grant parole, its alleged failure to provide Plaintiff timely review was not found to have violated his rights under the Due Process Clause of the Fourteenth Amendment. *Id*. It was noted that the relevant provisions of the Georgia parole law do not require that a majority of parole board members make all parole decisions, but rather that no persons shall be granted parole except by a majority vote of those board members involved. *Id*. Additionally, it was noted that the Georgia parole law cannot be interpreted to provide a protected liberty interest. *Id*.

1

As to Plaintiff's equal protection claims, it was found that the inmates to which Plaintiff compares himself are not similarly situated with other prisoners who allegedly received favorable treatment. *Id*. Specifically, it was found that of the eighteen (18) non-white inmates convicted of voluntary manslaughter who could be found, none of them have also been convicted of a subsequent charge of escape and theft of a motor vehicle, as has Plaintiff.[1] *Id*. It was noted that aside from identifying twenty-five (25) paroled voluntary manslaughter convicts, Plaintiff did not allege any rule, policy, or practice of the parole board which discriminates against white males. *Id*. Additionally, Plaintiff's claims of retaliation, denial of access to the courts, and forced medication were allowed to proceed. *Id*.

In his objection to the Recommendation, Plaintiff appears to assert that the Magistrate Judge erred in stating that Plaintiff was forced medicated at Autry State Prison, when according to Plaintiff, he was forced medicated at Arrendale State Prison. (Doc. 38). Upon consideration, it is found that such an objection effects no material error in the Recommendation as it relates to Plaintiff's forced medication claim, which pursuant to the same, was permitted to proceed. As to Plaintiff's further allegations that the Magistrate Judge did not consider his claims that: 1) the parole review by a single board member was an unlawful delegation of the board's duties and consisted of fraud *per se*; and 2) a racial disparity exists between white and non-white prisoners offered parole, said claims were effectively and properly addressed in the Recommendation and found to be of no substantive merit. (*See* Docs. 34, 38).

Therefore, upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 34) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Plaintiff's due process and equal protection

---

[1] Plaintiff identified seven (7) other paroled former voluntary manslaughter convicts. Six (6) are white males and the seventh could not be found. (Doc. 34).

2

claims arising out of the denial of his parole are **DISMISSED**. Additionally, James Wetherington is **DISMISSED** as a defendant herein.

    **SO ORDERED**, this  19th  day of September, 2006.

                                                /s/W. Louis Sands
                                                **HON. W. LOUIS SANDS,**
                                                **UNITED STATES DISTRICT JUDGE**