IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES ROY MASSENGALE,  :
:
    Plaintiff  :
:
:
VS.  :     **1 : 04-CV-48 (WLS)**
:
BETTY ANN COOK, et al.,  :
:
:
    Defendant(s).  :

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed by the defendants and the plaintiff. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. Plaintiff was convicted in 1987 of voluntary manslaughter and sentenced to twenty (20) years imprisonment. Plaintiff received an additional four (4) years imprisonment in 1996 for the crimes of escape and theft of a motor vehicle. The plaintiff filed this action in April 2004, raising a number of claims relating to the parole process and the conditions of his confinement. The plaintiff's recast complaint in this matter was filed on February 1, 2005, and an order for service was issued on April 17, 2006, with certain claims and defendants recommended dismissed. Ultimately, only the plaintiff's claims of retaliation related to his parole proceedings, forced administration of medications, and the denial of access to the courts were allowed to proceed. The defendants filed their answer on May 13, 2006. Of the eight (8) remaining defendants herein, six (6) defendants are former or present members of the Georgia Board of

Pardons and Paroles, one is the Commissioner of the Georgia Department of Corrections ("GDOC") and one was a warden at a GDOC facility at the time this lawsuit was filed.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984)

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In moving for summary judgment, the defendants do not rely on any affidavits, depositions, pleadings or discovery responses, but instead merely assert that "there is no evidence" to support plaintiff's three (3) remaining claims. The plaintiff has responded with his affidavit, wherein he states that the suit underlying his retaliation claim does exist, that medication was forced upon him during the time period in question, and that he was in fact denied access to the courts in regard to a case in Fulton County Superior Court. Plaintiff further claims to have documentation pertaining to the cases underlying the retaliation and access to the courts claims, although he does not attach said documents. He does attach documentation pertaining to his grievance

history.

In his cross-motion for partial summary judgment, the plaintiff asserts that he is entitled to the entry of judgment as to his claim of forced medication, inasmuch as grievance forms indicate that he was medicated by force.

It appears that the parties have succeeded in providing equally poor and meaningless summary judgment showings. The defendants have done little else beyond simply stating that they are entitled to summary judgment, while the plaintiff has responded in part by referencing evidence that he allegedly has in his possession but has failed to submit to the court in any form. The court notes that the defendants have failed to demonstrate that no genuine issue of material fact remains herein. <u>Celotex</u>, 477 U.S. at 325. Rather than demonstrating the absence of evidence to support the plaintiff's case, the defendants have merely guessed that no such evidence exists. The undersigned finds an insufficient basis upon which to recommend that either defendants' or plaintiff's motion for summary judgment be granted, and therefore recommends that these motions, at this time, be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of September, 2007.

       /s/ ***Richard L. Hodge***
       RICHARD L. HODGE
       UNITED STATES MAGISTRATE JUDGE