IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES ROY MASSENGALE, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| BETTY ANN COOK, *et al.*, | : | CIVIL ACTION NO. 1:04-CV-48(WLS) |
| Defendants | : | |

RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 by a State of Georgia prisoner is a motion for summary judgment filed on behalf of the remaining eight defendants (Docs. # 95 - 98). When the complaint was initially filed plaintiff was proceeding *pro se*, however on February 1, 2008, the United States District Judge to whom this matter is assigned appointed counsel for plaintiff (Doc. # 93). Counsel for plaintiff has responded in opposition to defendants' motion (Docs. # 99 - 101).

Plaintiff was convicted in 1987 of voluntary manslaughter and sentenced to twenty (20) years imprisonment. Plaintiff received an additional four (4) years imprisonment for the crimes of escape and theft of a motor vehicle.

This action was initially filed in April 2004, raising a number of claims relating to the parole process and the conditions of his confinement (Doc. # 2). Plaintiff's recast complaint in this matter was filed on February 1, 2005, (Doc. # 32) and an order for service was issued on April 17, 2006, with certain claims and defendants recommended dismissed (Doc. # 34). Ultimately, only the plaintiff's claims of retaliation related to his parole proceedings, forced administration of medications, and the denial of access to the courts were allowed to proceed.

The defendants filed their answer on May 13, 2006 (Doc. # 39).

Defendants Cook, Garner, Jones, Morris, Ray, and Hammonds are former or present members of the Georgia Board of Pardons and Paroles. Defendant Donald is the current Commissioner of the Georgia Department of Corrections ("GDOC") and defendant Head was the warden of the GDOC facility about which plaintiff complains.

*Discussion*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

As the court understands them as set out in plaintiff's court ordered recast complaint filed on or about February 1, 2005 (doc. # 32), plaintiff claims that his constitutional rights have been violated in three different ways. He first seems to allege that the defendants who are or were members of the Board of Pardons and Paroles retaliated against him, evidently by denying him

parole because he filed a civil action against them. His next allegation is that he was forced to take psycho-tropic drugs against his will. The only possible defendant to whom this claim could attach is defendant Head, the Warden of the prison, as he is the only named defendant who actually worked at the prison where this claim arose. Plaintiff seems to be alluding to some type of conspiracy between defendant Head and the Parole Board defendants whereby if defendant can be shown to be unstable to the extent that he needs psycho-tropic drugs to make him manageable this would justify denying him parole. Finally the denial of access claim sounds against defendants Head and Donald. Here plaintiff is alleging that because he was not transported to the Fulton County Superior Court by the Department of Corrections he did not appear at a scheduled hearing which resulted in dismissal of his lawsuit against the Parole Board defendants.

Counsel for plaintiff states in his brief in response to defendants' motion that, "in the Court's April 17, 2006 order, the court found merit in Plaintiff's Retaliation Claim, Forced Medication claims and Access to Courts and ordered that they could go forward . . ." The court feels that it must take some exception to this statement. The court did not find these claims to be meritorious, only that they withstood the required frivolity review and that they could go forward.    In their motion defendants rely heavily not so much upon their evidence proving the absence of any genuine issues of material fact but rather upon a showing that the plaintiff has presented no evidence to create a genuine material factual issue. As argued by defendants plaintiff will be unable to carry his burden at trial as to the essential elements of his claims.

The plaintiff did attach to his motion a copy of the pleadings in the lawsuit that he filed against the Board of Pardons and Paroles members. Plaintiff has therefore proved that he did in

fact file the lawsuit, he has presented no evidence however that the board member defendants retaliated against him by denying him parole for his having filed the lawsuit. While there is no doubt that retaliation for filing a lawsuit does amount to a violation of constitutional rights, this record is devoid of any evidence of retaliation. As was stated in the recommendation of April 17, 2006, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1970). Further, the Georgia parole system does not create a constitutionally protected liberty interest. Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994). Finally, the Sultenfuss court found that O.C.G.A. § 42-9-42 actually creates a presumption against parole. Id. at 1502. There being no evidence contained within the record showing that Georgia Board of Pardons and Parole retaliated against plaintiff by denying him parole because he filed a lawsuit against the individual members, it is the RECOMMENDATION of the undersigned that summary judgment be entered as to defendants Cook, Garner, Jones, Morris, Ray and Hammonds. On a motion for summary judgment the time for the non-movant to present evidence creating a material factual issue is, at the latest, in response to the motion. Here the record contains only allegations, no evidence of retaliation. Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

As earlier stated, defendant Head is the only named defendant who actually worked at the prison where plaintiff's claim of being forced to take psycho-tropic medications arose. Plaintiff's complaint seems to be that on October 25, 2002, he was administered some psycho-

4

tropic drugs which he did not want to take. Plaintiff's submissions make clear the fact that he is an inmate who has and possibly is still receiving mental health treatment. Plaintiff submitted an affidavit in response to defendants' first motion for summary judgment accompanied by copies of grievances relative to this claim (Doc. # 56). Plaintiff's affidavit and the grievances he submitted make clear the fact that he was administered medications that he did not want. In response to the first grievance the warden's designee states in response, "[d]ocumentation indicates that there was a reason for the doctor to order force [sic] medication for you. I find no basis for this grievance." Admittedly, having access to the documentation referred to might be helpful, however it must be remembered that to the extent that the plaintiff disagrees with the course of treatment provided, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prisons medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991))(citations omitted).

Most telling however is perhaps the affidavit filed by defendant Head in support of the current motion for summary judgment which directly addresses the forced medication issue. (Doc. # 98). The sworn testimony of this defendant contained in paragraph one of the affidavit is essentially that defendant Head was the warden of Autry State Prison from October 2001, through September 2005, that he has no authority to order that an inmate be force medicated, that such a decision has to be made specifically by the medical staff and that he did not order that plaintiff be medicated. Assuming arguendo that plaintiff was improperly medicated and that this

5

act rose to the level of a constitutional violation, the only real evidence contained in this record is that someone other than defendant Head ordered this to occur. It thus appears that plaintiff has sued the wrong individual with regard to this claim.

Again as with the retaliation claim there are only allegations, no evidence that giving plaintiff psycho-tropic medications that he did not need was part of some sort of conspiracy to show that he was unstable or unmanageable without those medications and should therefore be denied parole. For the above stated reasons it is the RECOMMENDATION of the undersigned that defendant Head's motion for summary judgment be GRANTED on the forced medication claim. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Plaintiff's third claim is the defendants Donald and Head violated his constitutional rights by denying him access to the courts, i.e., by not transporting him to a hearing in his case against the Board of Pardons and Paroles which caused the case to be dismissed for his failure to appear or failure to prosecute. As with plaintiff's first claim of retaliation, these defendants maintain that they are entitled to summary judgment as they have shown that the plaintiff has neither shown nor presented any evidence as to an essential element of this claim for which he will have the burden at trial. When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

In their memorandum of law in support of the motion for summary judgment these defendants maintain that the record contains no evidence showing that the plaintiff even filed suit against the Board of Pardons and Paroles. Inasmuch as plaintiff attached a copy of his lawsuit filed in the Superior Court of Fulton County against the Board of Pardons and Paroles to his response to the motion for summary judgment he has certainly now submitted evidence of the existence of the suit. Plaintiff has presented no evidence however showing that either of these defendants were aware of the hearing or that they were ever ordered to transport the plaintiff to the Superior Court of Fulton County. Once again, the time for making this evidentiary showing, at the latest, was in the response to the motion for summary judgment. There being no evidence brought to the attention of the court showing that either defendant Donald or Head had any knowledge of the hearing it is the RECOMMENDATION of the undersigned that summary judgment be entered in favor of these defendants on this claim. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 10th day of July 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE