# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| JAMES ROY MASSENGALE, JR., | : | |
| Plaintiff, | : | |
| VS. | : | 1:04-CV-48(WLS) |
| BETTY ANN COOK, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge filed on July 10, 2008. (Doc. 103). It is recommended that the Motion for Summary Judgment (Doc. 95) filed by the remaining eight defendants be **GRANTED**. *Id*. Plaintiff filed a timely objection to the Report and Recommendation on August 12, 2008. (Doc. 108). For the following reasons, Plaintiff's Objections (Doc. 108) are **OVERRULED** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 103) is **ACCEPTED**, **ADOPTED** and made the Order of this Court.

In the recommendation, Judge Hodge found that Plaintiff failed to rebut Defendants' argument that Plaintiff cannot prove each element of his retaliation claim. Judge Hodge noted that Plaintiff would have the burden of proving each essential element of this claim at trial. Although Plaintiff supplied evidence to prove that he did in fact file a lawsuit against the individual members of the Board of Pardons, there is no evidence in the record to support Plaintiff's claim that he was retaliated against for such action. Next, Judge Hodge addressed Plaintiff's claim that he was forcefully medicated. Defendant Head is the only remaining defendant susceptible to Plaintiff's forced medication claim since Defendant Head was the only defendant employed at Autry State Prison during the time period that Plaintiff alleges he was

1

forcefully medicated. Defendant Head filed an affidavit, attached to Defendants' Motion for Summary Judgment, stating that he did not have the authority as warden to order that an inmate be forcefully medicated. The decision to force medicate an inmate, as Defendant Head explains, belongs to the prison medical staff. Finally, Judge Hodge found that Plaintiff's denial of access to the courts claim must fail because Plaintiff failed to put forth evidence to show that either Defendant Donald or Head was aware of the hearing Plaintiff was scheduled to attend in Fulton County.

In his objection, Plaintiff levies several objections to Judge Hodge's recommendation. (Doc. 108). First, Plaintiff argues that "reason and common sense dictate that the Fulton County court, knowing the Plaintiff was in state custody, knew whether he had to be transported to the hearing, and whether the order had been issued to produce the Plaintiff." *Id*. Concerning his retaliation claim Plaintiff argues that the record contains ample indirect as well as direct evidence to support the same. Plaintiff notes that twenty-three other inmates, "convicted of manslaughter and various other crimes," have all been paroled. *Id*. Plaintiff then lists a series of events, which he describes as "[t]he chronology of events to plausibly infer retaliation." *Id*. Finally, Plaintiff argues that the standard from Riggins v. Nevada, 504 U.S. 1127 (1992), should be applied to his claim that he was forcefully medicated, not Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991), applied by Judge Hodge.

Initially, the Court must address Plaintiff's suggestion that the Court "pointed to [Defendant] Head" as the person responsible for force medicating Plaintiff. To the contrary, the Court dismissed certain Defendants and claims from this case as part of its duty under 28 U.S.C. § 1915(e)(2). By allowing Plaintiff's forced medication claim to proceed against Defendant Head, the Court was merely stating that Plaintiff's claim survived frivolity review under 28

U.S.C. § 1915(e)(2). The Court did not find or intend to suggest that Plaintiff's claim against Defendant Head was ultimately meritorious, merely that the claim should be allowed to proceed at that stage in the proceedings. Furthermore, notwithstanding Plaintiff's argument championing review under Riggins, Defendants' motion for summary judgment as to Plaintiff's forced medication claim is due to be granted. Plaintiff failed to provide evidence to rebut the affidavit submitted by Defendant Head, stating that he did not force medicate Plaintiff and did not have the authority to order anyone else to do so. As noted by Judge Hodge, Plaintiff simply sued the wrong individual.

Plaintiff also fails to point to any evidence to support his retaliation claim. Plaintiff merely puts forth more allegations in his objection. It is not relevant to determining the survivability of Plaintiff's retaliation claim that he is the only one of twenty-three other inmates who did not receive parole. As noted by Judge Hodge, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1970). Further, the Georgia parole system does not create a constitutionally protected liberty interest. Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994)." (Doc. 103). Additionally, the chronology highlighted by Plaintiff does not provide greater weight to his argument. Finally, Plaintiff's denial of access to the courts claim must fail because Plaintiff failed to provide evidence that Defendants Head and Donald were aware of Plaintiff's hearing in Fulton County, or that the defendants were ordered to transport Plaintiff to Fulton County Superior Court and failed to do so. Plaintiff's argument–that "reason and common sense dictate" that these defendants must have been aware of his hearing and their duty to transport him to the same–is speculative and therefore insufficient to survive Defendants' Motion for Summary Judgment.

For all of the above reasons, Plaintiff's Objections (Doc. 108) are **OVERRULED**.

Accordingly, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 103) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Therefore, Defendants' Motion for Summary Judgment (Doc. 95) is **GRANTED** and Plaintiff's claims are **DISMISSED**.

**SO ORDERED**, this  16th  day of September, 2008.

 /s/W. Louis Sands 
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**